ESTATE OF EDWARD D. HEATLEY, DECEASED.

[No. 18,828; decided July 24, 1897.]

Olographic Will—Insufficient Signature.—The fact that a testamentary paper is commenced and also indorsed in the handwriting of the testator, "This is my Will," is unavailing to constitute it an olographic will if not signed.

Olographic Will—Insufficient Signature.—A testamentary instrument in the handwriting of the testator, not having any signature, but containing the testator's name in an unwitnessed attestation clause, cannot be given effect as an olographic will.

Olographic Will—Attestation Clause.—If one makes a will entirely in his own handwriting, does not sign it, and attaches an attestation clause unsubscribed by witnesses, the presumption is that he intends to acknowledge and publish it in the presence of witnesses, and it is therefore incomplete as a testamentary paper.

---

ESTATE OF EMMET M. HICKEY, DECEASED.

[No. 17,388; decided February 15, 1897.]

Administrator's Account—Vacation of Settlement—Affidavit of Merits.—An affidavit of merits is not indispensable upon an application to set aside an order and decree settling an administrator's account, because taken against minors through their inadvertence and excusable neglect, when the merits appear on the face of the record.

Administrator's Account—Vacation of Settlement—Power to Order.—A superior court has authority to vacate its order and decree settling an administrator's account, when an application therefor is made at once, and it appears from the record that the order has been improperly made against minors who, while represented by attorney, were improperly represented.

Distribution of Estate—Notice.—There is No Direction in section 1665 of the Code of Civil Procedure that the distribution of the estate of a decedent should be made without notice.

---

Estate of Hickey was before the supreme court in 129 Cal. 14, 61 Pac. 475.